22 F.Supp.2d 1025 (1998)
RYOBI NORTH AMERICA, INC., Plaintiff,
v.
EMERSON ELECTRIC CO., Defendant.
No. 4:97CV1664 RWS.
United States District Court, E.D. Missouri, Eastern Division.
August 21, 1998.
*1026 Kevin M. Cushing, John E. Hilton, Partner, Carmody and MacDonald, St. Louis, MO, Craig C. Reilly, Richards and McGettigan, Alexandria, VA, Ernie L. Brooks, John E. Nemazi, Timothy G. Newman, Brooks and Kushman, Southfield, MI, for Ryobi North America, Inc., plaintiff.
Kenneth R. Heineman, Managing Partner, Joseph C. Orlet, Associate, Michael T. Marrah, Associate, Thompson Coburn, St. Louis, MO, Frank B. Janoski, Partner, Lewis and Rice, St. Louis, MO, Robert J. McAughan, John Francis Lynch, Jeffrey L. Garrett, Hugh R. Kress, Arnold and White, Houston, TX, James H. Laughlin, Jr., Bruce O. Jolly, Jr., Washington, DC, for Emerson Electric Company, Inc., defendant.
Joseph C. Orlet, Associate, Michael T. Marrah, Associate, Thompson Coburn, St. Louis, MO, Frank B. Janoski, Partner, Lewis and Rice, St. Louis, MO, Robert J. McAughan, John Francis Lynch, Jeffrey L. Garrett, Hugh R. Kress, Arnold and White, Houston, TX, James H. Laughlin, Jr., Bruce O. Jolly, Jr., Washington, DC, for Emerson Electric Company, Inc., counter-claimant.
Craig C. Reilly, Richards and McGettigan, Alexandria, VA, Ernie L. Brooks, John E. Nemazi, Timothy G. Newman, Brooks and Kushman, Southfield, MI, for Ryobi North America, Inc., counter-defendant.

MEMORANDUM AND ORDER
SIPPEL, District Judge.
This matter is before the Court on the parties' cross motions for summary judgment.
This case arises out of claims relating to clamps designed to fasten saw blades to a scroll saw. Ryobi North America, Inc. ("Ryobi") alleges that Emerson Electric Co. *1027 ("Emerson") sells a scroll saw with a blade clamp which infringes Ryobi's patent (the '590 patent) for a scroll saw clamp.
In 1928 a patent, referred to herein as the Basmaison patent, was issued for a blade clamp. The Basmaison patent discloses a blade clamp containing the same claims as the '590 patent. This Court finds that Ryobi's '590 patent was anticipated by the Basmaison prior art; and therefore, is invalid.
Summary judgment will be entered for Emerson.

Facts
Ryobi alleges that Emerson has infringed a patent held by Ryobi. The patent at issue, U.S. Patent No. 5,351,590 (the "'590 patent"), covers "a scroll saw clamp and method for making same." The '590 patent was issued October 4, 1994.
In November 1995 Emerson filed a patent application for its own scroll saw clamp.
The claims of the '590 patent and Emerson's patent application were substantially similar. Both parties agree that the Emerson clamp embodies all the elements of claim 1 of Ryobi's '590 patent as well as dependant claims 2, 3, 4, 8 and 11. (See Ryobi's Memorandum in Support of its Motion for Summary Judgment, page 4; Emerson's Memorandum in Support of its Motion for Summary Judgment, page 10.) In fact, Ryobi claims that the structure of the Emerson product is so similar to its own that the Emerson scroll saw clamp infringes on Ryobi's '590 patent. Specifically Ryobi claims that the Emerson clamp infringes claims 1-4, 8 and 11 of Ryobi's '590 patent.
Emerson's patent application for a scroll saw clamp was rejected by the Patent and Trademark Office ("PTO") on March 13, 1997. The PTO rejected Emerson's claims because the PTO found they were anticipated by prior art. Specifically, the PTO determined that Emerson's claims were anticipated by U.S. Patent No. 1,659,801 issued in 1928 (the "Basmaison patent") which covered a clamp for a scraper. The Basmaison patent was not considered by the PTO when examining Ryobi's '590 patent.
Emerson argues that the Basmaison patent discloses each and every limitation of claims 1-6, 8 and 11 of Ryobi's '590 patent. Emerson argues that the Ryobi patent is invalid for the same reason upon which the alleged infringing Emerson patent was rejected by the PTO.

Discussion

A. Legal Standard
When considering a motion for summary judgment, the Court must determine whether the record, when viewed in the light most favorable to the non-moving party, shows any genuine issue of material fact. Fed.R.Civ.P. 56(c). See generally, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To withstand summary judgment under Federal Rule of Civil Procedure 56(c), the non-moving party must provide sufficient evidence to show that a material factual dispute exists that requires resolution by the trier of fact. Anderson, 477 U.S. at 248-49, 106 S.Ct. 2505.
The Court finds that no genuine issue of material fact exists and therefore, summary judgment is appropriate in this case.

B. Validity of the '590 patent

1. The Claims of the '590 patent Are Anticipated by the Basmaison Prior Art.
The '590 patent is invalid because it is anticipated by the Basmaison patent. Because the '590 patent is invalid, Emerson's scroll saw clamp can not be held to have infringed it.
A patent can only be infringed if it is valid. 35 U.S.C. § 282 (1984 & Supp. 1994). Once issued, a patent is entitled to a presumption of validity. 35 U.S.C. § 282 (1984 & Supp.1994). Therefore, when the validity of a patent is challenged, the challenging party must establish invalidity by clear and convincing evidence. Hybritech, Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367 (Fed.Cir.1986). Additionally, a decision of the PTO is entitled to deference. American Hoist & Derrick Co. v. Sowa & Sons, 725 F.2d 1350, 1359 (Fed.Cir.1984). Therefore, *1028 the task of proving invalidity is difficult unless the challenger comes forward with new evidence not considered by the patent examiner. Id.
Emerson argues that the '590 patent is anticipated by the prior art of the Basmaison patent. Patents are only issued for new art, not for new uses of existing art. In re Schreiber, 128 F.3d 1473, 1477 (Fed. Cir.1997). A product is not new if all of its elements are found either expressly or inherently in a single piece of prior art. Id. When all of the elements of the product can be found, the product is said to be "anticipated." Id. Whether a product is anticipated is a matter of fact, as is the question of whether a claim limitation is inherently found in the prior art. Id.
Construing the facts in this case in the light most favorable to Ryobi, the elements of the Emerson clamp are the same as those found in claims 1, 2, 3, 4, 8 and 11 of the '590 patent (the claims that Ryobi alleges Emerson has infringed). If they were not, the Emerson clamp would not be infringing on the '590 patent. Further, the Emerson patent application language and that of the '590 patent is virtually the same, a point which Ryobi does not dispute.[1] Emerson's patent application on its clamp was denied because the PTO found that it was anticipated by the Basmaison patent.
A comparison of the language in claims 1-6, 8 and 11 of the '590 patent and the language of the Basmaison patent claims confirms that the '590 patent also was anticipated by the Basmaison patent.[2]
The following tables match each element of claims 1-6, 8 and 11 of the '590 patent to Figure 2 of the Basmaison patent and to the specification of the Basmaison patent:
The Basmaison blade clamp has each limitation of claim 1:

The Basmaison blade clamp has a separate first and second jaw, each jaw has a clamping end and a distal end. The Basmaison blade clamp has a pivot means intermediate (between) *1029 the clamping and distal ends for cooperatively enabling the pivoting of each of the jaws with respect to the other about a single axis (in the form of a pivot pin). Finally, the Basmaison clamp has an actuation means (in the form of a thumbscrew) for pivoting the jaws relative to one another about the pivot means sufficient to retain the end of a blade therebetween. Thus, the Basmaison patent has every limitation of claim 1.
The Basmaison blade clamp has each limitation of claim 2:

The Basmaison blade clamp has an actuation means (in the form of a thumbscrew) that moves the distal ends of the clamping jaws apart, thereby pivoting the clamping ends of the jaws together. Thus, the Basmaison patent has every limitation of claim 2.[3]
The Basmaison blade clamp has each limitation of claim 3:

The Basmaison blade clamp has a pivot means in the form of a pivot pin that is received in the aperture portion of each clamping jaw so that the clamping jaws are pivotable with respect to one another about the pivot pin. Thus, the Basmaison patent has every limitation of claim 3.
The Basmaison blade clamp has each limitation of claim 4:
*1030 
Each of the clamping jaws of the Basmaison blade clamp has an intermediate portion. Each of the intermediate portions of the clamping jaws extend inwardly and necessarily overlap the intermediate portion of the other clamping jaw so that the pivot pin is received in the intermediate portions, thereby pivotally connecting the clamping jaws together. Thus, the Basmaison patent has every limitation of claim 4.
The Basmaison blade clamp has each limitation of claim 5:

*1031 As shown in the figures of the Basmaison patent and described in its specification, the clamping jaws of the Basmaison patent are generally identical in configuration. Thus, the Basmaison patent has every limitation of claim 5.
The Basmaison blade clamp has each limitation of claim 6:

Each of the clamping ends of the jaws of the Basmaison patent are configured to cooperate with one another to surround the end of the blade; thereby, preventing relative movement between the clamping ends and the end of the blade during operation. Thus, the Basmaison patent has every limitation of claim 6.
The Basmaison blade clamp has each limitation of claim 8:

As shown in Figure 2 of the Basmaison patent, the scaled distance between the pivot means (pivot pin) and the actuation means (thumbscrew) is greater than the scaled distance between the pivot means (pivot pin) and the cooperating clamping ends such that a mechanical advantage exists in favor of the actuation means. Thus, the Basmaison patent has every limitation of claim 8.
The Basmaison blade clamp has each limitation of claim 11:
*1032 
The blade clamp of the Basmaison patent has separate first and second jaws, wherein each jaw has a clamping end and a distal end. The Basmaison patent also has a pivot means in the form of a pivot pin intermediate the clamping and distal ends for cooperatively enabling the pivoting of each of the jaws with respect to the other about a single axis. The Basmaison patent also has an actuation means for pivoting the jaws relative to one another about the pivot means sufficiently to retain the end of a blade therebetween during the operation. The actuation means includes a thumbscrew and at least one of the distal ends has a threaded aperture therein into which the thumbscrew is "threadedly received." The thumbscrew cooperates with the other distal end to move the distal ends relative to one another. Thus, the Basmaison patent has every limitation of claim 11.

2. The Preamble Language of the '590 patent Does Not Alter Anticipation.
Ryobi argues, however, that the claims of the Basmaison patent still do not anticipate the claims in the '590 patent because *1033 the preamble language in its claims references the use of the clamp for a scroll saw blade. The preamble of Claim 1 of the '590 patent, which is representative of the language Ryobi relies on, states the product is "a claim for releasably retaining an end of a saw blade during operation of the saw blade." Later recitations in the body of the claim reference "the end of the saw blade" and "during operation of the saw blade." Ryobi argues that this language makes it clear that the invention is a scroll saw blade clamp for a power saw, not a clamp for any other application. Ryobi's argument fails.
Preamble language should be considered as a limitation of the claim when it is used to recite structural limitations of the claimed invention. Rowe v. Dror, 112 F.3d 473, 478 (Fed.Cir.1997). The preamble language recites structural limitations of the claim when it is necessary to give meaning to the claim and define the invention. Gerber Garment Technology v. Lectra Systems, 916 F.2d 683, 688 (Fed.Cir.1990). If the claim itself, without reference to the preamble, recites a structurally complete invention and the preamble merely describes the intended use of the product, the preamble is not a part of the claim's limitations. Rowe, 112 F.3d at 478.
A review of the '590 patent claims reveals that the preamble language is not structural. The language of the claims without reference to the preamble, recites a structurally complete clamp. One can determine the structure of the clamp without reference to the preamble, which describes the device which the clamp is designed to hold. Therefore, the preamble language is not a limitation to be considered when determining anticipation by the Basmaison patent.
This result is supported by the fact that the patent examiner in Emerson reviewed substantially similar preamble language in his examination of the Emerson claims. The Emerson claim specifically stated it was "a scroll saw blade holder for releasably engaging one end of a saw blade." The examiner found this language was not structural stating:
"the saw blade is not a part of the claimed invention and using the blade holder to hold the saw blade in the recited manner is considered to be an intended use of the blade holder. Basmaison discloses the structure of the clamp, and how the clamp is used (e.g. to hold a saw blade in the recited manner) is considered an intended use of the clamp of Basmaison."
This determination by the PTO, made based upon a more extensive review of the prior art than the '590 patent determination, is entitled to deference by this Court. American Hoist & Derrick v. Sowa, 725 F.2d at 1359.
Alternatively, assuming arguendo that the preamble language is a limitation on the claim, anticipation by the Basmaison patent is not avoided because the language when interpreted as a limitation is a "functional" limitation not a "structural" limitation. Claim limitations can be structural or functional and patent applications are free to utilize whichever type of limitation they choose. In re Schreiber, 128 F.3d at 1478. However, courts and patent examiners use a different test to determine whether a functional limitation is anticipated by prior art, than that used to test structural limitations. Id. Anticipation of a functional limitation is determined by establishing whether the prior art could have been used to perform the same function claimed by the new art. Id.
Again, the Emerson patent application contained the same type of usage language contained in the '590 patent. The Emerson claim specifically stated it was "a scroll saw blade holder for releasably engaging one end of a saw blade." This language is even more specific than the preamble language in the '590 patent which is limited to a "saw blade" rather than a "scroll saw blade". The PTO still determined that the Basmaison patent anticipated the Emerson claim because the Basmaison clamp could be used to hold a saw blade. As stated above, this determination of the PTO, which was based on a more complete investigation of the prior art, is entitled to deference in this Court. American Hoist & Derrick v. Sowa, 725 F.2d at 1359.
*1034 Finally, Ryobi argues that even if all of the elements of the '590 patent can be found in the Basmaison patent, it is not prior art because the Basmaison patent is non-analogous art. Ryobi's reliance on this argument is misplaced. Non-analogous art is art which one would not have looked to in addressing the problems addressed by the new product. In re Schreiber, 128 F.3d at 1477-78. Whether prior art is analogous or non-analogous is irrelevant to the determination of anticipation however. Id. The question is not whether the prior art is analogous, but whether the prior art explicitly or inherently anticipates the new art. Id. All limitations of the '590 patent were either explicitly or inherently anticipated by the Basmaison patent.

Conclusion
Claims 1, 2, 3, 4, 8 and 11 of the '590 patent are anticipated by the Basmaison patent. Therefore, the '590 patent is invalid and Emerson could not have infringed upon it.
Accordingly,
IT IS HEREBY ORDERED that Emerson's Motion for Summary Judgment [# 33] is GRANTED.
IT IS FURTHER ORDERED that Ryobi's Motion for Summary Judgment [# 48] is DENIED.
A separate judgment in accordance with this Memorandum and Order is entered this same date.

 APPENDIX 1
------------------------------------------------------------------------------------------------------------------------------------
 CLAIM 1 OF THE EMERSON APPLICATION CLAIM 1 OF THE '590 PATENT
------------------------------------------------------------------------------------------------------------------------------------
A scroll saw blade holder for releasably engaging one A clamp for releasably retaining an end of a saw blade
end of a saw blade, comprising: during operation of a saw, the clamp comprising:
first and second clamping jaws each having a clamping separate first and second jaws, each jaw having a
 end and a second end; clamping end and a distal end;
the first and second clamping jaws being arranged to
 clamp the saw blade for a greater distance along its
 length than along its width;
said first and second clamping jaws having complementary
 mating and interfitting portions intermediate the
 clamping and second ends thereof;
a pivot pin extending through the complementary mating pivot means intermediate the clamping and distal ends
 and interfitting portions of the first and second for cooperatively enabling the pivoting of each of
 clamping jaws; and the jaws with respect to the other about a single
 axis; and
a thumbscrew extending through a threaded opening actuation means for pivoting the jaws relative to one
 adjacent the second end of one of said clamping another about the pivot means sufficiently to
 jaws for engaging the second end of said other clampingly retain the end of the saw blade therebetween
 clamping jaw in order to pivot the first and second during the operation of the saw blade.
 clamping jaws relative to one another for
 releasably clamping a saw blade between the
 clamping ends of said first and second clamping
 jaws.
------------------------------------------------------------------------------------------------------------------------------------

*1035 APPENDIX 2

NOTES
[1] See Appendix 1 for a comparison of the language in claim 1 of the '590 patent and Emerson patent applications as well as diagrams depicting the two clamps and the Basmaison clamp.
[2] See Appendix 2 for comparative diagrams of the Basmaison and '590 patent clamps.
[3] A dependent claim includes all of the limitations contained in it and the limitations of the independent claim from which it depends.